UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENTON PAUITE ECONOMIC DEVELOPMENT CORPORATION, a Tribal Entity of the Benton Paiute Tribe,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BENTON RESEARCH AND DEVELOPMENT, a California Corporation; and DOES 1-12.<br><br>　　　　　Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

Plaintiff Benton Paiute Economic Development Corporation ("Tribal Plaintiff" or "BPEDC") respectfully requests this Court to issue Declaratory Judgment and Preliminary and Permanent Injunctive Relief to enjoin Defendant Benton Research and Development, LLC ("Developer") from infringing upon Plaintiff's sovereign immunity and rights protected by Federal Law.

Tribal Plaintiff seeks (1) a declaratory judgment that (*i*) the alleged cannabis contract between the Plaintiff and Defendant is a nullity under the Tribe's Constitution and under federal common law and statutory restraints on the alienation of Indian property, including, without limitation, the Non-Intercourse Act, 25 U.S.C. §§ 177, 202; the Indian Reorganization Act, 25 U.S.C. § 464; and 25 U.S.C. §§ 85 and 415(a), (*ii*) the California state courts lack subject matter jurisdiction over any actions based on the cannabis contract, (*iii*) Tribal Plaintiff has tribal sovereign immunity against the claims alleged by Defendant; and (2) injunctive relief prohibiting Defendant from pursing any actions based on an alleged cannabis contract, including from further pursuing the case captioned *Benton Research and Development, LLC v. Benton Paiute Economic Development Corporation*, filed in Los Angeles Superior Court, Case No. BC674706 (hereinafter, "*Developer* Lawsuit").

**PARTIES**

1.  Tribal Plaintiff is a wholly-owned entity of the Utu Utu Gwaitu Paiute Tribe of the Benton Reservation (the "Benton Paiute Tribe" or "Tribe"). The Benton Paiute Tribe is a federally recognized Indian Tribe organized with a Constitution approved by the Secretary of the Interior pursuant to Section 16 of the of the Indian Reorganization Act, 25 U.S.C. § 476. *See* Attachment A ("Tribal Constitution"). The Tribal Council enacts laws, engages in government-to-government transactions, spends Tribal funds, administers third-party contracts, imposes taxes,

and manages the natural resources and assets of the Tribe. The Tribal Council also resolves any disputes that are brought before it by non-Indian parties alleging rights on Reservation lands. The Tribal Council maintains exclusive control over BPEDC, and BPEDC's authority to enter agreements with third parties is permitted by and derives solely from the Tribal Council. As a government arm of the Tribe, Plaintiff enjoys common law sovereign immunity and cannot be sued nor claims brought against it without its consent. However, Tribal Plaintiff is voluntarily invoking the Court's jurisdiction for this matter only for purposes of declaratory and injunctive relief.

2. Defendant Benton Research and Development, LLC ("Developer") is a non-Indian and a California Limited Liability Corporation existing under the laws of the State of California, doing business in the State of California.

**JURISDICTION AND VENUE**

3. This is a civil action brought by an arm of an Indian tribe duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, and treaties of the United States. The Court has jurisdiction over the action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1362 (action brought by an Indian tribe), 18 U.S.C. §§ 1151 and 1152 (precluding application of state law and state jurisdiction within "Indian Country"), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in the United States District Court, Eastern District of California, because the events giving rise to the claim occurred or are occurring in the Tribe's ancestral homeland, which includes the Benton Paiute Reservation ("Reservation"), in an area that now comprises portions of Mono County, California, which is situated within the Eastern District of California.

///

**STATEMENT OF FACTS**

5.   The Utu Utu Gwaitu Benton Paiute Tribe is a sovereign nation. Since time immemorial, the Tribe has lived in portions of California. The Tribe's ancestral homeland includes the Benton Paiute Reservation (the "Reservation") in an area that now comprises portions of Mono County. The Tribe exercises governmental authority over the Reservation, which was officially recognized in 1915, and the Tribe's federally-approved Constitution was established on November 22, 1975. *See* Attachment A.

6.   The Tribe's Constitution, Art. VII, §I, provides that the governing body of the Tribe, the Tribal Council, "shall have such powers as may be authorized by the Indian Reorganization Act of June 18, 1934 (48 Stat. 984)" with responsibilities that include protecting tribal lands, assets, and community resources.

7.   The Tribal Council is the only entity empowered to waive the Tribe's sovereign immunity. The Tribal Council also resolves any disputes that are brought before it by non-Indian parties alleging rights on Reservation lands.

8.   On or around January 2016, the Tribal Council passed an ordinance ("The Cannabis Ordinance"), which governs any agreements with non-Indian parties to assist the Tribe with the cultivation and processing of non-psychoactive cannabis[1] on the Reservation. *See* Attachment B (Cannabis Ordinance).

9.   BPEDC's scope of activities and authority to enter cannabis agreements with third parties is permitted by and derives solely from the Tribal Council and must comply with the Cannabis Ordinance.

///

---

[1] Non-psychoactive cannabis contains high amounts of cannabidiols (CBD) and low amounts of tetrahydrocannabinol (THC).

10. The Cannabis Ordinance had three key requirements: (1) Art. IV, § I only permitted BPEDC to enter into agreements with third parties for the purposes cultivating non-psychoactive cannabis; (2) Art. II, § 13 required any third-party developer of a cannabis operation to be organized as a Medical Marijuana Patient Collective; and (3) Art. III, §1 required that developers only cultivate of cannabis in an Exclusive Cultivation Zone on the Reservation. *See* Attachment B.

11. Revenue from the development of cannabis resources, as allowed by the Cannabis Ordinance, is intended to be used to fund the Tribe's government and its health and social welfare programs for Tribal members.

12. For the last several years, a cabal of unscrupulous non-Indians insinuated themselves into the Benton Paiute Tribe, through a pattern of fraud and misrepresentations, attempting to secure for themselves an interest in the Tribe's cannabis operations. One of those unscrupulous individuals was Developer's manager Wayne Bryan. Other unscrupulous individuals and entities included Ravi Bendapudi, the Developer's attorney, and, on information and belief, Mr. Bryan's business entities and brands, including Pureness Oils, Lago Mar, LLC, Lagomar Properties, Inc., whom engaged in profiteering and fraudulently hiding assets from cannabis operations on Tribal lands.

**DEVELOPER'S ALLEGED CANNABIS CONTRACT**

13. On January 23, 2016, Developer executed a so-called Commercial Exclusive License Agreement (the "Contract") with Tribal Plaintiff to produce cannabis on Tribal lands. *See* Attachment C (Cannabis Contract).

14. The Contract purports to grant Developer the exclusive right to cultivate and produce cannabis on Tribal lands within the Reservation for a period of 20 years with the option to extend for a total of 30 years. (Art. 2, §§ 2.1., 2.2(b)).

5

15. The Contract purports to encumber Tribal lands by granting to Developer the right to specific performance, the right to seek leasehold interests, and the right to seek entry onto Reservation lands.

16. The Contract purports to create a liability to the real property on the Reservation by precluding others from cultivating cannabis on the trust lands.

17. The Contract was never approved U.S. Department of the Interior.

18. The Contract was never approved by the Tribal Council.

19. The Contract did not comply with the terms of the Tribe's Cannabis Ordinance.

20. The Contract did not preclude Developer from producing high-THC cannabis.

21. The Contract did not require Developer to operate as a Medical Marijuana Patient Collective.

22. The Contract did not preclude Developer's cannabis cultivation to an Exclusive Economic Zone on the Reservation.

23. During the entirety of Developer's interactions with BPEDC, Developer in fact cultivated, produced, and sold psychoactive cannabis high in THC.

24. Developer went to great lengths to conceal the fact that Developer was growing and selling high-THC psychoactive cannabis.

25. Developer in fact was not organized as a Medical Marijuana Collective.

26. Developer in fact cultivated cannabis outside of the allowable Exclusive Economic Zone.

27. On February 27, 2017, BPEDC informed the Developer that the parties' relationship was terminated.

///

///

28. Developer was officially banned from Tribal lands pursuant to the Tribe's inherent authority to exclude any person from the Benton Paiute Reservation, and pursuant to the Tribe's Constitution.

**DEFENDANT DEVELOPER'S CLAIMS IN THE *DEVELOPER* LAWSUIT**

29. The *Developer* Lawsuit was filed in the Los Angeles Superior Court of the State of California, on September 5, 2017. The suit was brought against BPEDC. The suit, among other things, seeks specific performance and injunctive relief against Tribal Plaintiff, has a cause of action for wrongful eviction, and alleges possessory interests in real property on the Reservation under the alleged cannabis Contract. *See* Attachment D (state court complaint).

30. The judgement roll in the *Developer* Lawsuit includes the complaint and Developer's other court filings. Developer has interpreted the Contract to allow for ownership rights and interests in Tribal property as well as leasehold rights. Developer in its request for injunctive relief in state court seeks an order to "enjoin [Tribal Plaintiff] and its agents, from entering, tampering with, damaging, or occupying [Developer's alleged] real property, or its equipment therein, or from locking [Developer] out of, or in any way interfering with its access to said real property [on the Tribal reservation]," seeks possession to unique and real property on Tribal lands, and alleges violations of California's landlord tenant laws, including Cal. Code Civ. Proc. § 789.3, which prohibit a landlord from preventing a tenant from gaining reasonable access to the property.

**COUNT I - DECLARATORY JUDGMENT, 28 U.S.C. § 2201**
**Contract is Void for Noncompliance with 25 U.S.C. § 81**

31. Plaintiff re-alleges every allegation set forth in the preceding paragraphs of this Complaint and incorporates them by reference herein.

32. Section 81 of Title 25 of the United States Code requires that agreements that encumber Indian lands for a period of 7 or more years must be approved by the U.S. Department

7

of the Interior.

33. The Contract purports to encumber Indian lands belonging to the Benton Paiute Tribe for a period of 20-30 years.

34. The Contract was never approved by the Department of the Interior, effectively preventing it from taking effect.

35. Since the contract never legally took effect, all of the cannabis Contract's provisions, including those relating to limited waivers of sovereign immunity or to jurisdiction of the courts, are void.

**COUNT II - DECLARATORY JUDGMENT, 28 U.S.C. § 2201**
**Contract is Void for Noncompliance with 25 U.S.C. § 415(a)**

36. Plaintiff re-alleges every allegation set forth in the preceding paragraphs of this Complaint and incorporates them by reference herein.

37. Section 415(a) of Title 25 of the United States Code requires that non-Indian's may be granted leasehold interests in any restricted Indian lands *only* with the approval of the U.S. Department of the Interior.

38. The Contract purports to provide leasehold interests on Indian lands belonging to the Benton Paiute Tribe.

39. Developer further is attempting to use the Contract to enforce California's landlord-tenant laws on Tribal land.

40. Developer further is attempting to gain a state order to access real property on Tribal lands.

41. The Contract was never approved by the Department of the Interior, effectively preventing it from taking effect.

///

///

42. Since the contract never legally took effect, all of the cannabis Contract's provisions, including those relating to limited waivers of sovereign immunity or to jurisdiction of the courts, are void.

**COUNT III - DECLARATORY JUDGMENT, 28 U.S.C. § 2201**
**Contract Is Void for Illegality Under the Tribal Law**

43. Plaintiff re-alleges every allegation set forth in the preceding paragraphs of this Complaint and incorporates them by reference herein.

44. BPEDC's authority to enter into agreements to cultivate cannabis is strictly limited and derives from the Tribal Council.

45. BPEDC's authority to enter into agreements to cultivate cannabis is also strictly limited by the Tribe's Cannabis Legalization and Control Ordinance ("Cannabis Ordinance").

46. BPEDC was never given authority to enter into the cannabis Contract.

47. The terms of the cannabis Contract conflict with the express terms of the Tribal Cannabis Ordinance.

48. The Cannabis Ordinance limits cannabis production to non-psychoactive cannabis, but the written Contract does not preclude Developer from producing high-THC cannabis.

49. The Cannabis Ordinance requires any third-party developer to organize as a Medical Marijuana Patient Collective, but the Contract does not require Developer to operate as a Medical Marijuana Patient Collective.

50. The Cannabis Ordinance limits cultivation to the Exclusive Economic Zone, but the Contract does not limit Developer's cannabis cultivation to the Exclusive Economic Zone.

51. The cannabis Contract was never itself approved by the Tribal Council.

52. Because the Contract was not authorized or approved by the Tribal Council, it is *void ab initio* and cannot be enforced.

///

53. Because the Contract was not authorized by and conflicts with tribal law, including the Cannabis Ordinance, the Contract is *void ab initio* and cannot be enforced.

## COUNT IV - DECLARATORY JUDGMENT, 28 U.S.C. § 2201
### Tribe Has Not Waived Sovereign Immunity

54. Plaintiff re-alleges every allegation set forth in the preceding paragraphs of this Complaint and incorporates them by reference herein.

55. Sovereign immunity bars suits against Indian tribes unless a federal statute expressly and clearly waives this immunity, or a tribe agrees, clearly and expressly, to waive its immunity.

56. No effective waiver of the Tribe's sovereign immunity exists for the purposes of enforcing the cannabis Contract.

57. Any purported waiver of sovereign immunity in the cannabis Contract is invalid because the contract was void *ab initio* and never took effect for the reasons explained in Counts I through III above.

## COUNT V - DECLARATORY & INJUNCTIVE RELIEF
### (28 U.S.C. § 2201; F.R.C.P. 65)
### Declare State Court Lacks Jurisdiction & Enjoin Defendants' Pursuit of State Court Action

58. Plaintiff re-alleges every allegation set forth in the preceding paragraphs of this Complaint and incorporates them by reference herein.

59. Developer has brought suit in state court with the *Developer* Lawsuit and asserts an ongoing right and interest in real property belonging to the Benton Paiute Tribe on Tribal lands held in trust by the U.S. government.

60. Public Law 280, 28 U.S.C. § 1360 provides for exclusive federal jurisdiction for certain disputes over ownership or right to possession of Indian property or any interest therein.

///

61. The California Superior Courts lack subject matter jurisdiction over the *Developer Lawsuit*, as it involves the rights and interest in real property belonging to the Benton Paiute Tribe on Tribal lands held in trust by the U.S. government.

62. Tribal Plaintiff is entitled to a declaratory judgment and a preliminary and permanent injunction preventing Developer and all those acting in concert or participation with Defendant from continuing to pursue claims in state court arising out of the Contract because: (1) the Tribe has suffered and is suffering irreparable injury in the form of the time and upheaval involved in defending its sovereign authority over its own lands and its sovereign immunity to suit in state court; (2) no adequate remedy exists at law that would restore the Tribe's sovereign authority and immunity if it were to be usurped; (3) an equitable remedy is warranted because the Tribe's legitimate interest in maintaining law and order under its own sovereign authority outweighs a non-tribal member's interest in gaining possession of or control over Tribal property and (4) the public interest is not disserved by a permanent injunction because the United States government, the governments of the States, and the governments of sovereign Tribal Nations all have a shared interest in preserving sovereign immunity as set forth in the U.S. Constitution and common law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. Declare that the Contract between the parties is a nullity under the Tribe's Constitution and under federal common law and statutory restraints on the alienation of Indian property;

2. Declare that the Contract is void because it was illegal under the Tribal Cannabis Ordinance and fraudulently inducement by Defendant;

3. Declare that the Tribe has not waived its sovereign immunity or its right to resolve disputes relating to its own land;

4. Declare that the Courts of the State of California and non-Tribal arbitrators lack subject matter jurisdiction over any and all claims arising out of the purported Contract; and

5. Issue a preliminary and permanent injunction prohibiting Defendant and all those in active concert or participation with it from pursuing any claims arising out of the purported Contract.

6. Grant such other and further relief as the Court deems just and proper.